### PHŒNIX MILLS v. MILLER.

*(Supreme Court, General Term, Third Department.  December 28, 1891.)*

FIXTURES—RIGHTS OF MORTGAGOR AND MORTGAGEE.

　　Milling machinery placed in a mill building by the owner for the permanent purposes of the mill, so that its removal would injure the building and impair its usefulness for mill purposes, and lessen its value as real estate, is a part of the realty, as between the owner and a mortgagee of the realty; and the fact that the owner subsequently gave a chattel mortgage on such machinery, and that the mortgage was assigned to a third person, and by the latter to the mortgagor, only restores him to his original rights, and gives him no better title than he previously had.

Appeal from special term, Montgomery county.

Action for conversion by the Phœnix Mills against James A. Miller. Plaintiff appeals from a judgment entered upon the report of a referee in favor of defendant. Affirmed. For report of decision in ejectment between the same parties, see 12 N. Y. Supp. 268.

The action was brought to recover for the conversion of shafting, pulleys, steam-pipes, floors, partitions, water-wheels, engine and boiler, and fixtures used in a mill building upon premises owned by defendant. The mill property was purchased by plaintiff in February, 1884, subject to an existing mortgage, and used by him for manufacturing purposes, and part of the personal property in question was added by him. Subsequently plaintiff executed a chattel mortgage covering all the property in question, together with all other machinery in the building, to Samuel Blaisdell, Jr., which mortgage the latter assigned to William Warner, and thereafter Warner assigned to plaintiff all his "right, title, and interest in and to all shafting, pulleys,  *  *  *  growing out of" the chattel mortgage. Defendant purchased the property on foreclosure of the prior mortgage.

Argued before LEARNED, P. J., and MAYHAM and PUTNAM, JJ.

*Maxwell Bros.*, for appellant.    *Stover & Nisbet*, for respondent.

LEARNED, P. J.  This is an appeal from a judgment on report of a referee. This action was commenced in 1886 to recover the value of certain property alleged to be wrongfully detained by defendant. The property was machinery which plaintiff claimed was still personal property, although attached to a mill. The plaintiff recovered on trial at circuit. The judgment was reversed at general term for errors in admitting and excluding evidence. 4 N. Y. St. Rep. 787. It was again tried at circuit, and plaintiff again recovered. The judgment was also reversed by the general term, July, 1887. The case appears not to have been reported,[1] but a copy of the opinion has

---

[1] See 45 Hun, 594, *mem.*

been furnished us. The cause was again tried, this time before a referee, who reported in favor of defendant. The plaintiff appeals. No question as to admission or exclusion of evidence was made. The referee, among other things, finds that at the time the plaintiff placed said property on the premises it intended that the same should be annexed to and form part of the real estate, and with the intention that it should be permanently used thereon; that said property was so situated that its removal would materially injure the value of said real estate, and seriously impair its usefulness for mill purposes; and that the property could not be removed without serious injury to the building and to said real estate. The plaintiff seeks to make title to this property through a chattel mortgage made by itself to Blaisdell & Co., and which was subsequently assigned by Blaisdell & Co. to Warner, and by Warner to the plaintiff itself. But it was pointed out in the opinion in 4 N. Y. St. Rep. 787, that this transaction simply restored plaintiff to its original rights as respects the title to the property held by it when the mortgage was given. Plaintiff gained no better title than it had when the mortgage was given. It was further stated in that opinion that the plaintiff held the position of grantor, and defendant that of grantee, the mortgage to Blaisdell & Co. being now out of the way. It further appears that Warner, while he held the chattel mortgage with another holder of a chattel mortgage, Inman, took all that belonged to him under the chattel mortgage. He plainly took, according to his own testimony, everything that did not come within the description of "real estate." Having done this, he then assigned all his right to shafting, etc., and fixtures or personal property affixed to the mills. Thus the holder of the mortgage had enforced it against everything which he supposed was personal, and then assigned his interest in everything else to the original mortgagor. Then the mortgagor endeavors to make title to certain things as personal, by virtue of this mortgage which it had itself executed. We have examined this case, as this general term had already done in two instances. We do not think it necessary to discuss the doctrine of fixtures, or to state at much length the facts of the case. We think that the conclusions of the referee are correct, and that the judgment should be affirmed, with costs. All concur.